**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**
**HAMMOND DIVISION**

| | | |
|---|---|---|
| JAMIL MALIK BEY, *et al.*, | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | CAUSE NO.: 2:24-CV-331-GSL-JEM |
| | ) | |
| JARRAH BURGIN, *et al.*, | ) | |
| Defendants. | ) | |

**FINDINGS, REPORT AND RECOMMENDATION OF**
**UNITED STATES MAGISTRATE JUDGE PURSUANT TO**
**28 U.S.C. § 636(b)(1)(B) & (C)**

This matter is before the Court on State Defendants' Motion to Dismiss Amended Complaint (DE 60) [DE 65], filed on January 13, 2026.

## I.      Background

On September 24, 2024, Plaintiff Bey, designating himself as "in propria persona, and in the capacity as Trustee on Behalf of the Immortal Jamil Malik Bey Reversioner Trust of Northern Amexem" filed his Complaint against Defendants for constitutional violations following a traffic stop and his arrest on May 7, 2023, as well as subsequent charges for felony identity deception, possession of a handgun by a person with a protective order against him, and possession of marijuana. Plaintiff Bey, again using the in propria persona designation, and Plaintiff Cornejo, later filed an amended complaint alleging various constitutional violations and challenging the constitutionality of certain Indiana statutes, which Defendants now move to dismiss. Plaintiffs filed their response on February 18, 2026, Defendants filed their reply on March 1, 2026, and Plaintiffs filed a sur-reply (with leave of Court) on March 31, 2026.

On March 5, 2026, District Court Judge Gretchen S. Lund entered an Order [DE 82] referring the instant motion to the undersigned Magistrate Judge for a report and recommendation

pursuant to 28 U.S.C. § 636(b)(1)(B) and Northern District of Indiana Local Rule 72-1(b). This Report constitutes the undersigned Magistrate Judge's combined proposed findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(C).

For the following reasons, the Court recommends that the District Court grant the motion to dismiss.

## II.    Standard of Review

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the sufficiency of the complaint and not the merits of the suit. *See Gibson v. City of Chicago*, 910 F.2d 1510, 1520 (7th Cir. 1990). In ruling on such a motion, the Court accepts as true all of the well-pleaded facts alleged by the plaintiff and all reasonable inferences that can be drawn therefrom. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007).

To survive a 12(b)(6) motion to dismiss for failure to state a claim, the complaint must first comply with Rule 8(a) by providing "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), such that the defendant is given "fair notice of what the . . . claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 555 (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). Second, the "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 570). The Supreme Court explained that the "plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (quotation marks and brackets omitted). The Seventh Circuit Court of Appeals has explained that "[t]he complaint 'must actually *suggest* that the plaintiff has a right to relief, by providing allegations that raise a right to relief above the speculative level.'" *Indep. Trust*

*Corp. v. Stewart Info. Servs. Corp.*, 665 F.3d 930, 935 (7th Cir. 2012) (quoting *Windy City Metal Fabricators & Supply, Inc. v. CIT Tech. Fin. Serv., Inc.*, 536 F.3d 663, 668 (7th Cir. 2008)). In order "[t]o meet this plausibility standard, the complaint must supply enough fact to raise a reasonable expectation that discovery will reveal evidence supporting the plaintiff's allegations." *Indep. Trust Corp.*, 665 F.3d at 934-935 (quoting *Twombly*, 550 U.S. at 556) (quotation marks omitted). Additionally, "each allegation must be simple, concise, and direct." Fed. R. Civ. P. 8(d)(1).

### III.    Analysis

Plaintiff Bey asserts eighteen claims against various Defendants and Plaintiff Cornejo joins in one claim for conversion, all arising out of a traffic stop and subsequent vehicle impoundment. Defendants include former Indiana Governor, Eric Holcomb; Former Commissioner of Indiana Bureau of Motor Vehicles, Joe Hoage; Indiana Attorney General, Todd Rokita; Prosecuting Attorney in the 31st Judicial Circuit of Indiana Bernard Carter and Deputy Prosecuting Attorney for Lake County, Indiana, Gary Marek; and Indiana State Police Troopers Jarah Burgin, Benjamin Beers, Justin Baumeister, and Alfredo Chagolla.

The underlying basis of all of Plaintiff Bey's claims is that his arrest and subsequent prosecution were wrongful. The basis for Plaintiffs' joint claim for conversion is that the Trooper Defendants should have allowed Plaintiff Cornejo to drive the rental van, which Plaintiff Bey was driving at the time of the stop, rather than have it impounded; certain perishable items were lost as a result of the impoundment.

As alleged in his Amended Complaint, Plaintiff Bey, whose legal name is Josh Royce Brokemond, has been using the name Jamil Malik Bey for a number of years but has never had a legal name change. Am. Compl. ¶¶ 196, 204, 209, 238 [DE 60]. Plaintiff Bey identifies as an aboriginal and indigenous person "to the North and Central Americas" of Moorish inhabitants, no

3

longer uses his social security number, and has not renewed his expired California driver's license issued in the Brokemond name. Am. Compl. ¶¶ 24, 34, 104.

The parties agree that on May 7, 2023, Trooper Burgin conducted a traffic stop on the van Plaintiff Bey was driving, which had expired tags and which Trooper Burgin had observed making improper lane changes. Am. Compl. ¶¶ 49, 129, 139, 216. Plaintiff Bey initially refused to give Trooper Burgin his name, but eventually identified himself as Jamil Malik Bey, and gave Trooper Burgin a letter from Plaintiff Bey to then-Governor Holcomb identifying himself as Jamil Malik Bey. Am. Compl. ¶ 257. Trooper Burgin determined that Plaintiff Bey did not have a valid driver's license and placed him under arrest at the scene. During the course of the traffic stop, the other Troopers arrived on scene. Plaintiff Bey called Plaintiff Cornejo to come to the scene, and she arrived with her children. The Troopers conducted a search of the van and located a loaded handgun and a small quantity of marijuana. During the course of the traffic stop, Trooper Burgin learned Plaintiff Bey's legal name, that Plaintiff Bey's California driver's license was suspended, and that Plaintiff Bey had a California order of protection issued against him. The van Plaintiff Bey was driving was impounded at the scene. Plaintiff Bey was detained from May 7, 2023, through May 9, 2023. In addition to the traffic violations for speeding and driving with a suspended license, Plaintiff Bey was charged with felony identity deception, possession of a handgun by a person with an order of protection issued against them, and possession of marijuana, and was prosecuted in Lake County, Indiana.

   *a. Claims against Governor and Commissioner of Bureau of Motor Vehicles*

Plaintiff Bey brings claims against former Indiana Governor Holcomb and former Commissioner Hoage[1] in Counts 1 and 2. Count 1 alleges that the provisions of Indiana Code § 9-24-16-2(b)(6), which require a valid social security number or verification of an applicant's "ineligibility to be issued a Social Security number; identity; and lawful status" to apply for an Indiana driver's license, are unconstitutional facially and as applied to Plaintiff Bey. Specifically, Plaintiff Bey claims the social security requirement violates his: First Amendment free exercise and freedom of association rights; Fourteenth Amendment substantive due process rights and equal protection rights, the International Covenant on Civil and Political Rights ("ICCPR"); and the U.N. Declaration on the Rights of Indigenous Peoples ("UNDRIP"). He seeks a declaration that those requirements are unconstitutional, an injunction against enforcing the social security number requirement, and money damages. Court 2 asserts a 42 U.S.C. § 1983 facial and as-applied constitutional challenge to the social security requirements of the Bureau of Motor Vehicles, seeking the same relief as well as mandating that Indiana accept his "Indigenous Identity Documents."

Both ICCPR and UNDRIP have been found to be judicially unenforceable in federal court. *Ruhaak v. Comm'r*, 422 F. App'x 530, 532 (7th Cir. 2011) (affirming that neither ICCPR nor UNDRIP create any judicially enforceable obligations); *Sosa v. Alvarez–Machain,* 542 U.S. 692, 728 (2004); *Bey v. Malec*, 2018 WL 4585472 at *2 (N.D. Cal. Sept. 25, 2018) (rejecting plaintiff's ICCPR claims because they are not judicially enforceable in federal court). Neither the ICCPR nor the UNDRIP provide legal support for Plaintiff Bey's claims.

---

[1] Because Plaintiff Bey's claims against Holcomb and Hoage are official capacity claims, the Court is treating those claims as being asserted against current respective office holders Governor Braun and BMV Commissioner Kevin Garvey. Fed. R. Civ. P. 25.

Claims like Plaintiff Bey brings in this suit, in his chosen designation as "in propia persona," identifying as an aboriginal and indigenous person "to the North and Central Americas" of Moorish inhabitants, or similar so-called "sovereign citizen" claims have repeatedly been disallowed by federal courts, and "should be rejected summarily, however they are presented." *United States v. Benabe*, 654 F.3d 753, 767 (7th Cir. 2011). Dismissal of the claims against the Governor and Commissioner of the Bureau of Motor Vehicles in Count 1 and 2 is therefore appropriate.

### b. Claims against Attorney General

Plaintiff Bey's claims against Attorney General Rokita seek to prevent him and his deputy/assistant attorney general attorneys from filing pleadings in this case that refer to Bey as a "sovereign citizen," alleging that those arguments are discriminatory, harassing, and stigmatizing. However, Plaintiff Bey's filings and word usage are those which are used by the sovereign citizen movement, and, indeed, he has made these arguments in other cases. *See, e.g., Bey v. Gascon*, 2019 WL 5191012 at *3 (N.D. Cal. Oct. 15, 2019). Plaintiff Bey's claims that identifying his arguments as what they are are frivolous, and subject to dismissal.

### c. Claims against Prosecutors

Plaintiff Bey brings claims against 31st Judicial Circuit Prosecuting Attorney Bernard Carter and Deputy Prosecuting Attorney for Lake County, Indiana, Gary Marek in Counts 3, 6, 10, 12-14, and 17-18 for malicious prosecution under § 1983 and for Brady violations for failing to learn or disclose exculpatory evidence. Attorney Carter had no personal involvement in the prosecution.

"Prosecutors are absolutely immune from suits for monetary damages under § 1983 for conduct that is 'intimately associated with the judicial phase of the criminal process.'" *Smith v.*

6

*Power*, 346 F.3d 740, 742 (7th Cir. 2003) (quoting *Imbler v. Pachtman*, 424 U.S. 409, 430 (1976)). "[A]bsolute immunity shields prosecutors even if they act maliciously, unreasonably, without probable cause, or even on the basis of false testimony or evidence." *Id*. (internal quotation marks and citation omitted). Filing charges, prosecuting those charges, and participating in criminal proceedings certainly fall within this scope, so Attorneys Carter and Marek are immune from suit. *Imbler v. Pachtman*, 424 U.S. 409, 430 (1976); *Srivastava v. Newman*, 12 F. App'x 369, 371 (7th Cir. 2001) (affirming that "prosecutors are absolutely immune, both individually and in their official capacities, from liability under § 1983 for evaluating evidence, initiating a prosecution and presenting the State's case"). Additionally, as to any purported failure to learn or disclose exculpatory information, "[a]bsolute immunity bars suits against prosecutors, at least when the nondisclosure of exculpatory evidence occurs after arrest and before a conviction becomes final." *Moran v. Calumet City*, 54 F.4th 483, 492 (7th Cir. 2022). Plaintiff Bey's criminal charges never became final and therefore Attorneys Carter and Marek are immune from any Brady claims. Dismissal of all claims asserted against Attorneys Carter and Marek is proper.

   d. *Conversion claim*

Plaintiffs, in Count 16, assert a claim for conversion against the Trooper Defendants. They allege that the Troopers had the van Plaintiff Bey was driving impounded, rather than allowing Plaintiff Cornejo to drive it from the scene, causing various perishable food items to be ruined. Plaintiffs seem to be alleging that they had a constitutional right to choose the method by which the van would be removed from the scene.

Common law conversion claims must show that the defendants exerted unauthorized control over the removed vehicle. *Creason v. Elanco US Inc.*, 2023 WL 12160623 at *6 (S.D. Ind. Dec. 11, 2023). Plaintiffs allege that Trooper Burgin lacked authority to impound the van once

Plaintiff Cornejo arrived at the scene, since she had a valid driver's license. However, Plaintiffs concede that Plaintiff Bey was driving with a suspended license; the rental truck had expired tags; Plaintiff Bey swerved across the lane once or twice before he pulled over; when Plaintiff Cornejo arrived, Plaintiff Bey was already under arrest and ISP Defendants were still conducting the search of the truck; the truck was parked on the side of the road and blocking the roadway; Plaintiff Cornejo arrived to the scene with her children; and the Troopers found a handgun, ammunition, and marijuana in the truck during the search. There is no right for Plaintiffs to choose how the van would be removed from the scene. *See South Dakota v. Opperman*, 428 U.S. 364, 369, 96 S. Ct. 3092, 49 L. Ed. 2d 1000 (1976) ("The authority of police to seize and remove from the streets vehicles impeding traffic or threatening public safety and convenience is beyond challenge."); *see also, e.g., United States v. Briggs*, 273 F.3d 737, 739 (7th Cir. 2001) (truck towed from alongside road because driver's license suspended); *United States v. Cherry*, 436 F.3d 769, 775 (7th Cir. 2006) ("nor does the Fourth Amendment demand that police offer a motorist an alternative means of removing his vehicle that will avoid the need to tow it") (citing *Colorado v. Bertine,* 479 U.S. 367, 373–74 (1987) (itself explaining that police need not give motorist "an opportunity to make alternative arrangements" that avoid impoundment)).

Plaintiffs cannot sustain a claim of conversion against the Trooper Defendants and dismissal of Count 16 is appropriate.

*e. Claims against Troopers*

Plaintiff Bey's remaining claims, all against the Trooper Defendants, fare no better. Although not all of Plaintiff Bey's claims against the Trooper Defendants are couched in sovereign citizen terms, they arise from his use of sovereign citizen style identity papers, rather than a state sanctioned driver's license, his mistaken belief that his use of the name Jamil Malik Bey, without

having had a legal name change, means he is not subject to prosecution for identity deception, or his mistaken belief that it was necessary for the Troopers to obtain a certified copy of the California order of protection in order to seize the handgun or otherwise pursue a handgun violation against him.

      i.      Equal Protection

Plaintiff Bey asserts a Fourteenth Amendment equal protection claim against the Trooper Defendants, stemming from the fact that he was arrested on May 7, 2023, but Plaintiff Cornejo was not. Plaintiff Bey's equal protection claim based on the fact that Plaintiff Cornejo was not arrested fails because she did not engage in the actions that led to Plaintiff Bey's arrest for identity deception and possession. There are no allegations that Plaintiff Cornejo appeared on scene, was asked to identify herself, and gave anyone a false name identification. Plaintiff Bey was not similarly situated to Plaintiff Cornejo and so cannot state a claim for violation of his right to equal protection. *Engquist v. Or. Dep't of Agric.*, 553 U.S. 591, 601 (2008) (to prove an equal protection claim, a plaintiff must show he was "intentionally treated differently from others similarly situated and that there is no rational basis for the difference in treatment.").

      ii.     False Arrest

Plaintiff Bey's First Amendment false arrest claims are based on his argument that he is not subject to arrest for not having a valid driver's license because "State Defendants have no Constitutionally delegated power to arrest me, detain me, cite me, or punish me for lawfully Correcting/changing my name and using it to freely contract or identify with State employees and agents." Am. Compl. ¶ 254. He also alleges that the Trooper Defendants burdened his religious beliefs by refusing to recognize or honor his corrected religious name of Jamil Malik Bey in their interactions with him and stigmatizing his religiously grounded self-identification. Plaintiff Bey's

First Amendment claims are centered on his use of the name Jamil Malik Bey but not having a driver's license in that name.

Plaintiff Bey's claim that the Trooper Defendants lacked probable cause to arrest him for identity deception is doomed because he is mistaken about the Troopers' obligation to honor his "lawfully corrected" common law name change. *Leone v. Comm'r, Ind. Bureau of Motor Vehicles*, 933 N.E.2d 1244, 1257 (Ind. 2010) (finding no due process violation by Indiana BMV's policy requiring the name on a driver's license to match the name on the license holder's SSN). The Trooper Defendants were not required to accept Plaintiff Bey's use of a name other than his legal name. *Leone*, 933 N.E.2d at 1253–54. In Indiana, "[o]nly after a court grants this imprimatur to the name must a state agency recognize it." *Id.* Plaintiff Bey acknowledges that he has never effectuated a legal name change through any court. Am. Compl. ¶¶ 204, 209.

To establish a Fourth Amendment false-arrest claim, "a plaintiff must show that there was no probable cause for his arrest." *Braun v. Vill. of Palatine*, 56 F.4th 542, 548 (7th Cir. 2022) (citations omitted). "The existence of probable cause to arrest is an absolute defense to any § 1983 claim against a police officer for false arrest." *Braun,* 56 F.4th at 548 (citations omitted). Probable cause exists "when the facts and circumstances that are known to [the officer] reasonably support a belief that the individual has committed, is committing, or is about to commit a crime." *Holmes v. Vill. of Hoffman Estates*, 511 F.3d 673, 679 (7th Cir. 2007).

Indiana's identity deception offense statute under which Plaintiff Bey was arrested and charged, states: "a person who, with intent to harm or defraud another person, knowingly or intentionally obtains, possesses, transfers, or uses identifying information *to profess to be another person*, commits identity deception, a Level 6 felony." Ind. Code § 35-43-5-3.5(a). For purposes of this offense, "identifying information" includes "information, genuine or fabricated, that

10

identifies or purports to identify a person, including . . . a name." Ind. Code § 35-43-5-1(i)(1). Plaintiff Bey gave Trooper Burgin the false name identification "Jamil Malik Bey" and his birthdate. Am. Compl. ¶ 130. Dispatch ran the information, and they were able identify Plaintiff Bey as "Josh Royce Brokemond." *Id*. These facts establish probable cause to arrest for identity deception in Indiana. *Kendall v. State*, 225 N.E.3d 794, 796 (Ind. Ct. App. 2023) (evidence that the defendant gave a police officer a false name and his birthdate was sufficient to support his conviction for level 6 felony identity deception"). The record shows that Trooper Burgin had probable cause to arrest Mr. Bey for identity deception on May 7, 2023.*Holmes*, 511 F.3d at 679. Plaintiff Bey' fails to state a claim for false arrest.

  iii.  Unconstitutional Search and Detention

  Additionally, Plaintiff Bey alleges that Trooper Burgin's search and seizure  of the van was unconstitutional as it was based on alleged false statements in Trooper Burgin's probable cause affidavit. The allegedly false statements were that Plaintiff Bey made unsafe lane movements and that he gave Trooper Burgin a letter addressed to Governor Holcomb, explaining that that letter sets forth the reason Plaintiff Bey was not required to have a driver's license to drive. However, the Amended Complaint itself reports both of those statement as true. Am. Compl. ¶¶ 129, 257. Plaintiff Bey also claims that his detention was unlawful because Trooper Burgin's probable cause affidavit contained false statements that Bey had no license, and Trooper Burgin failed to disclose that Bey's license was suspended under his legal name. However, Plaintiff Bey has conceded that he had no valid license. Trooper Burgin's probable cause affidavit, which Plaintiff Bey cites to in the Amended Complaint ¶¶124-126, accurately stated that Bey had a suspended license. Plaintiff Bey has failed to state a claim that his arrest or detention were based on false statements in the probable cause affidavit and should be dismissed.

iv.     Seizure of Handgun

Plaintiff Bey further asserts a claim for wrongful seizure of his handgun and ammunition by Trooper Burgin. Plaintiff Bey asserts that the seizure and bringing of charges violated his Second Amendment right to keep and bear arms; his Fourth Amendment rights against unreasonable seizure; and his right to due process under the Fourteenth Amendment. His claims are based on the assertion that Trooper Burgin could not use the California protection orders as a basis for his arrest and seizure of the handgun and ammunition because the State did not obtain certified copies of the Orders.

Pursuant to Indiana Code § 35-47-2-1.5(b)(5), it is unlawful for a person to knowingly or intentionally carry a handgun if the person is "restrained by an order of protection issued under IC 34-26-5." A valid foreign protection order issued by another state is given full faith and credit in Indiana. Ind. Code § 34-26-5-17(d). "A facially valid foreign protection order is prima facie evidence of its validity," and "[p]resentation of a certified copy of an order for protection is not required for enforcement." Ind. Code § 34-26-5-17(b). Plaintiff Bey's claims regarding any arrest, charges, or prosecution relative to his possession of a handgun cannot be sustained.

v.      Malicious Prosecution

Plaintiff Bey claims that his arrest by the Trooper Defendants was malicious and violated Section 1983. As described in more detail above, Plaintiff Bey has pleaded sufficient factual allegations (that he engaged in improper lane usage and that he gave Trooper Burgin a letter stating that his name was Jamil Malik Bey) to establish that Trooper Burgin had probable cause to arrest him for identity deception. Am. Compl. ¶ 130. His beliefs about whether he was entitled to drive without a valid driver's license because he objected to the requirement that he use a social security number in order to obtain one does not excuse Mr. Bey from compliance with the law. *Bey v. State,*

847 F.3d 559, 560 (7th Cir. 2017). Plaintiff does not set forth a claim for malicious prosecution. *Welton v. Anderson*, 770 F.3d 670, 674 (7th Cir. 2014) (discussing elements).

vi.       Failure to Intervene

Plaintiff Bey also asserts a failure to intervene claim against Troopers Beers, Baumeister, and Chagolla, arguing that they should have stopped Trooper Burgin from arresting Plaintiff Bey because of Bey's use of the name Bey. Plaintiff Bey's failure to intervene claims are based on a violation of his constitutional rights, but, as explained above, Bey's use of Jamil Malik Bey, without a legal name change, was sufficient basis for Bey's arrest. Without a sustainable constitutional claim, Plaintiff Bey fails to set forth a viable failure to intervene claim against the other Trooper Defendants. *Harper v. Albert*, 400 F.3d 1052, 1064 (7th Cir. 2005) ("In order for there to be a failure to intervene, it logically follows that there must exist an underlying constitutional violation."). Therefore, dismissal of Mr. Bey's failure to intervene claims is proper.

vii.      Indiana Religious Freedom Restoration Act

Indiana's Religious Freedom Restoration Act ("RFRA")provides that "[a] governmental entity may substantially burden a person's exercise of religion only if the governmental entity demonstrates that application of the burden to the person: (1) is in furtherance of a compelling governmental interest; and (2) is the least restrictive means of furthering that compelling governmental interest." Ind. Code § 34-13-9-8(b). The State of Indiana has a legitimate interest in having drivers have valid driver's licenses. Plaintiff Bey's violation of the law is not excused by his Moorish sovereign citizen beliefs. *Tyms-Bey v. State*, 69 N.E.3d 488, 492 (Ind. Ct. App. 2017) ("Indiana's RFRA offers no protection for the allegedly criminal nonpayment of income taxes"); *Bey v. E&B Paving, LLC*, No. 1:20-CV-283-HAB, 2020 WL 4604585 at *2 (N.D. Ind. Aug. 11, 2020) (recognizing that even if religiously based sovereign citizen philosophies shun government

issued identification, it does not provide legal grounds to mandate governmental acceptance of a "Moorish identification card"). Dismissal of Plaintiff Bey's Indiana FRFA claims is appropriate, and the Court recommends that all of the claims against the Trooper Defendants be dismissed.

Plaintiffs have failed to state any claims on which relief can be granted, so the Court recommends dismissal of this action.

### III.    Conclusion

For the foregoing reasons, the Court **RECOMMENDS** that Judge Lund **GRANT** State Defendants' Motion to Dismiss Amended Complaint (DE 60) [DE 65] and enter judgment in favor of State Defendants and against Plaintiffs.

This Report and Recommendation is submitted pursuant to 28 U.S.C. § 636(b)(1)(C). Pursuant to 28 U.S.C. § 636(b)(1), the parties shall have fourteen (14) days after being served with a copy of this Recommendation to file written objections thereto with the Clerk of Court. The failure to file a timely objection will result in waiver of the right to challenge this Recommendation before either the District Court or the Court of Appeals. *Willis v. Caterpillar, Inc.*, 199 F.3d 902, 904 (7th Cir. 1999); *Hunger v. Leininger*, 15 F.3d 664, 668 (7th Cir. 1994); *The Provident Bank v. Manor Steel Corp.*, 882 F.2d 258, 260-261 (7th Cir. 1989); *Lebovitz v. Miller*, 856 F.2d 902, 905 n.2 (7th Cir. 1988).

SO ORDERED this 16th day of April, 2026.

s/ John E. Martin
MAGISTRATE JUDGE JOHN E. MARTIN
UNITED STATES DISTRICT COURT

cc:    All counsel of record
Plaintiff Jamil Malik Bey, *pro se*
Plaintiff Mari Mar Cornejo, *pro se*