UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

JAMIL MALIK BEY, et al.,

    Plaintiffs,

    v.                                                          Case No. 2:24-CV-331-GSL-JEM

TODD WASMER, et al.,

    Defendants.

## OPINION AND ORDER

This matter is before the Court on Magistrate Judge John Martin's Report and

Recommendation, [DE 88], entered on April 17, 2026. For the reasons more fully explained in

the report, Judge Martin recommends that the Court grant State Defendants' Motion to Dismiss

Plaintiffs' Amended Complaint, at [DE 65], and enter judgment in favor of State Defendants and

against Plaintiffs. Having reviewed both Judge Martin's Report and Recommendation and the

related objections, the Court **ADOPTS** the Report and Recommendation, [DE 88], in its entirety,

and **GRANTS** State Defendants' Motion to Dismiss Plaintiffs' Amended Complaint, at [DE 65].

*Legal Standard*

After referring a dispositive motion to a magistrate judge, a district court has discretion to

accept, reject, or modify, in whole or in part, the findings or recommendations of the magistrate

judge. 28 U.S.C. § 636(b)(1). Consistent with Federal Rule of Civil Procedure 72(b), the district

court must undertake a de novo review "only of those portions of the magistrate judge's

disposition to which specific written objection is made." *United States v. Jones*, 22 F.4th 667,

679 (7th Cir. 2022). *See Johnson v. Zema Sys. Corp.*, 170 F.3d 734, 739 (7th Cir. 1999)

(citing *Goffman v. Gross*, 59 F.3d 668, 671 (7th Cir. 1995)). A district court judge may fulfill

this obligation simply by "inform[ing] [this court] that he has conducted a *de novo* review." *Jones*, 22 F.4th at 679 (citing *Pinkston v. Madry*, 440 F.3d 879, 894 (7th Cir. 2006)). If no objection or only a partial objection is made, the court reviews those unobjected portions for clear error. *Johnson*, 170 F.3d at 739. Under the clear error standard, a court will only overturn a magistrate judge's ruling if the court is left with "the definite and firm conviction that a mistake has been made." *Weeks v. Samsung Heavy Indus. Co., Ltd.*, 126 F.3d 926, 943 (7th Cir. 1997).

*Discussion*

As an initial matter, at the end of [DE 94], Plaintiffs' filing containing their objections to the Report and Recommendation, Plaintiffs "remind the Court these objections are incomplete as they stand, need refinement, and case analysis among other things, and we have requested for an extension of time in which to file objections…" [DE 94 at 19]. The Court clarifies that Plaintiffs were permitted a time extension in which to submit their objections in response to the Report and Recommendation, and were not granted leave to file more than one document asserting objections. Insofar as Plaintiffs believe that they may file additional objections or supplemental documents within the time extension, that belief is mistaken, as they filed objections at [DE 94], which this Court has reviewed *de novo* below. The Plaintiffs are cautioned against filing additional objections or supplemental documents and are warned they will be stricken.

Here, Plaintiffs filed their objections on May 7, 2026, at [DE 94], which the Court reviewed in conjunction with the Report and Recommendation *de novo*. First, Plaintiffs object to pages 1-14 of the Report and Recommendation "to the extent it purports to falsely summarize the factual background underlying the stop, arrest, search, charging decisions, as well actions taken by us and Troopers, and the Legal standards and application relevant to these circumstances." [DE 94, Page 3]. Plaintiffs argue that at the "Rule 12(b)(6) stage, the Court must accept [the]

factual allegations as true and draw all reasonable inferences in [Plaintiffs'] favor." The Court generally agrees with Plaintiffs' contention, but recognizes that the contention has limits. While under Rule 12(b)(6) courts are to construe the "complaint in the light most favorable to the plaintiff[], accepting as true all well-pleaded facts and drawing reasonable inferences" in the plaintiff's favor, courts need not "accept as true statements of law or unsupported conclusory factual allegations." *Bilek v. Fed. Ins. Co.*, 8 F.4th 581, 586 (7th Cir. 2021) (citing *Yeftich v. Navistar, Inc.*, 722 F.3d 911, 915 (7th Cir. 2013)). Just because a fact asserted by Defendants is disputed by Plaintiffs does not mean this Court must accept Plaintiffs' explanation over Defendants'.

For example, Plaintiffs state in their Response to State Defendants' Motion to Dismiss that "evidence show that the Plates were dealer plates and dispatch confirm no return on the Plates," but contest the statement in the Report and Recommendation at [DE 88, Page 4] that the "parties agree that on May 7, 2023 Trooper Burgin conducted a traffic stop on the van Plaintiff Bey was driving, which had expired tags…". [DE 75, Page 35]. Plaintiffs stated that dispatch confirmed "no return" on the license plates; they cannot now contest that their license plates were invalid. This objection is overruled.

Plaintiffs also take issue with the Report and Recommendation stating that Plaintiff Bey initially refused to give his name to Trooper Burgin. [DE 94 at 5]. However, the very next paragraph directly undermines Plaintiffs' argument, and reads "…I briefly delayed providing my identity in order to question the basis for the stop…". [*Id.*]. It is a reasonable inference for the Court to find that Plaintiff Bey did, in-fact, "delay" or "initially refuse[]" to provide his name to Trooper Burgin. This objection is overruled.

Plaintiffs next object to the Report and Recommendation on the basis that it "distorted the timeline and sequence of events of arrest, failed to analyze the true facts meaningfully and accurately, and improperly justified the search, arrest, and tow." [DE 94 at 6]. Plaintiffs object to the use of the word "van" instead of "rental truck," but this is of no import to the Court's decision. Plaintiffs also contest that Plaintiff Bey made any unsafe lane changes, however, in Plaintiffs' Amended Complaint, they argue that the "law in Indiana is well settled that minor breach of lane 1 or 2 times and especially at the exit of the freeway does not support reasonable suspicion to make a Stop. The stop therefore lacks validity." [DE 60, Page 42 ¶ 129]. Here again, it is a reasonable inference for the Court to find that Plaintiff Bey did, in-fact, make potentially unsafe lane changes, because he asserts, without citation to legal authority, that he is permitted to do so once or twice without violating Indiana law. This objection is overruled.

Plaintiffs also contest that Plaintiff Bey was placed under arrest for not having a valid driver's license, but then immediately state, "[i]nstead, Trooper Burgin kept [Plaintiff Bey] detained while he waited for confirmation from Dispatch." [DE 94 at 7]. The Court sees no distinction in these two statements. Similarly, the Court sees no issue that the Report and Recommendation stated that Plaintiff Cornejo arrived at the scene "with her children" and not "their children." [DE 94 at 9-10]. Plaintiffs' objections to the semantics used in the Report and Recommendation are either of no material difference or are simply unsupported by Plaintiffs' own statements. These objections are overruled.

Plaintiffs next object that the Report and Recommendation fails to analyze and properly address controlling authority showing that impoundment of their vehicle was unreasonable under the Fourth Amendment. [DE 94 at 10]. The Court is unpersuaded here, as well. The

identification of caselaw favorable to Plaintiffs but uncited by the Report and Recommendation does not mean an improper analysis was done; this objection is overruled.

Plaintiffs then object to the conclusion that Plaintiff Bey gave a false name to the officers during the traffic stop. [DE 94 at 14]. This argument is without merit. Plaintiffs admit that Plaintiff Bey has never legally changed his name, stating that the Report and Recommendation "fails to analyze the Common law right to change a name without resort to Court which is longstanding in Indiana and has not been overturned…". [*Id.*]. Plaintiffs instead rely on "common habit and usage over the period of ten or more years" to establish that providing Plaintiff Bey's non-legal name was appropriate. [*Id.*]. Plaintiffs cite no legal authority in support of this proposition. The Court rejects this argument and overrules the objection.

Plaintiffs object that the Report and Recommendation discusses Plaintiffs' "sovereign citizen" status, but this objection is irrelevant where Plaintiffs themselves spend pages discussing sovereign citizen theories in their Amended Complaint. [DE 94 at 16; DE 60]. Furthermore, Plaintiffs state that those facts are "obviously not relevant to the factual allegations…". [DE 94 at 16]. The Court fails to see why Plaintiffs are objecting to content that they themselves do not believe is relevant. The argument fails and the objection is overruled.

Plaintiffs object to the Report and Recommendation "recasting of the true factual basis for the arrest…" [DE 94 at 17]. Plaintiffs argue that their claim is premised upon the allegation that the officers present on-scene knew, or reasonably should have known, that Trooper Burgin received information established that Plaintiff Bey's license was suspended, and that instead, his claim was analyzed as if it was centered on wrongful arrest because of Plaintiff Bey's "use of the Bey name". [*Id.*]. However, the Report and Recommendation restates Plaintiffs' claim appropriately: "Plaintiff Bey's First Amendment false arrest claims are based on his argument

that he is not subject to arrest for not having a valid driver's license because 'State Defendants have no Constitutionally delegated power to arrest me, detain me, cite me, or punish me for lawfully Correcting/changing my name and using it to freely contract or identify with State employees and agents.'" [DE 88 at 9]. Moreover, by providing a non-legal name, it would not have been reasonable for any of the officers to know the status of Plaintiff Bey's license. Plaintiffs' claim was not incorrectly analyzed, and instead, discussed and included facts relevant to the analysis. Here too, the objection is overruled.

Plaintiffs also object to the dismissal of the malicious prosecution claims, because the Report and Recommendation "improperly resolves disputed factual inferences against Plaintiffs at the Rule 12(b)(6) stage." [DE 94 at 18]. However, as discussed above, courts need not "accept as true statements of law or unsupported conclusory factual allegations." *Bilek*, 8 F.4th at 586 (citing *Yeftich*, 722 F.3d at 915). Just because a fact asserted by Defendants is disputed by Plaintiffs does not mean this Court must accept Plaintiffs' explanation over Defendants'. This objection is overruled.

Finally, Plaintiffs object to the Report and Recommendation's conclusion regarding their RFRA allegations, and the statement that "Plaintiff Bey's violation of the law is not excused by his Moorish sovereign citizen beliefs…". [DE 94 at 19]. Plaintiffs believe that additional analysis is required; it is not. Further explanation as to why or how Plaintiffs may be exempt from statutory licensing requirements is not necessary, because Plaintiffs' arguments have been addressed. This final objection is also overruled.

6

*Conclusion*

For the foregoing reasons, each of the objections asserted in [DE 94] are overruled, the

Court **ADOPTS** the Report and Recommendation, [DE 88], in its entirety, and **GRANTS** State

Defendants' Motion to Dismiss Plaintiffs' Amended Complaint, at [DE 65].

SO ORDERED.

ENTERED: May 13, 2026

/s/ GRETCHEN S. LUND_____
Judge
United States District Court

7